UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GENARO GARCIA,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        No. 2:23-cv-00292-JPH-MG
                                        )
ALLEN HANCOCK,                          )
MIKE ELLIS,                             )
SHELBY CRICHFIELD,                      )
                                        )
                    Defendants.         )

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT**

The screening order entered on December 5, 2023, dismissed the complaint pursuant to 28 U.S.C. § 1915A(b). Dkt. 10. Plaintiff Genaro Garcia was given a period of time in which to show cause why Judgment should not enter. In response, Mr. Garcia filed a motion to appoint counsel and a response. For the reasons explained below, this action is dismissed for failure to state a claim and the motion for assistance recruiting counsel, dkt. [11], is **denied**.

## I.    The Complaint

The complaint alleged that defendant Mike Ellis improperly charged Mr. Garcia for various expenses, such as legal copies, legal postage, and medical co-pays even though Mr. Garcia is indigent, and under Indiana Department of Correction ("IDOC") policy should not have been charged. Mr. Garcia filed a grievance, and defendant Shelby Crichfield denied the grievance, saying that Mr. Garcia was not indigent. Mr. Garcia appealed the grievance denial, and defendant Mike Ellis denied the appeal, stating that the business office was

following policy and that Mr. Garcia could file his own lawsuit. Mr. Garcia alleges that the improper charges and refusal to return his money has caused him psychological, emotional, and mental distress.

## II.   Discussion

As explained in the December 5, 2023, Order, Mr. Garcia's allegations implicate the Fourteenth Amendment's due process clause. However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2174 (2019). Mr. Garcia does not dispute that Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001); *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). Because Mr. Garcia has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. Nothing in Mr. Garcia's response calls this ruling into question.

Mr. Garcia instead argues that taking his money while he was indigent violated his Eighth Amendment rights because it limited his ability to purchase necessary hygiene items. Dkt. 12 at 1-2. He explains that the hygiene kit provided by the facility was "Bob Barker items, water down and generic." *Id.* at

2. But Mr. Garcia did not state an Eighth Amendment claim because he has not suggested how the prison officials' actions here denied him minimal civilized necessities. *See Walton v. Waltz,* No. 23-2486, 2024 WL 688090, at *2 (7th Cir. Feb. 20, 2024) (affirming dismissal for failure to state a claim on this basis); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670–71 (7th Cir. 2012). There are no allegations to suggest that Mr. Garcia's health was endangered by the inability to purchase any particular hygiene items. To the contrary, Mr. Garcia states that he was provided a hygiene kit, although the quality of the products did not meet his expectations. Further, "the imposition of a modest fee for medical services, standing alone, does not violate the Constitution." *See Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012); *see also* Ind. Code § 11-10-3-5 (governing co-payments for inmate medical services. Thus, any Eighth Amendment claim is dismissed for failure to state a claim upon which relief may be granted.

Mr. Garcia also reports that he was discriminated against based on his income. *Id.* at 4. When disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest. *See City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439–42 (1985); *Johnson v. Daley,* 339 F.3d 582, 585–86 (7th Cir. 2003) (en banc). Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived. *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Reducing costs is a rational basis for requiring payment of a modest fee for services. "The rational-basis requirement sets the legal bar low

and simply requires 'a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (quoting *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 946 (7th Cir. 2009) (internal quotation marks omitted)). Thus, to state an equal protection claim, Mr. Garcia was required to "allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Id.* (internal citations omitted). He has failed to do so.

The federal claims alleged in this action are properly dismissed under Federal Rules of Civil Procedure 12(b)(6). *See Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

### III.    Counsel Request

Given the dismissal of the complaint for these reasons, plaintiff's motion to appoint counsel, dkt. [11], is **denied.** *See Watts v. Kidman*, 42 F.4th 755, 764, 766 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers and may consider the merit of plaintiff's claims when determining whether to recruit counsel). Plaintiff has not shown that he requires the assistance of counsel in order to plead viable claims. This case shall be closed.

### IV.    Conclusion

The motion to appoint counsel, dkt. [11], is **denied**. Judgment dismissing the federal claims with prejudice and the state law tort claim without prejudice shall now issue.

**SO ORDERED.**

Date: 3/14/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

GENARO GARCIA
127225
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838